IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK NICHOLAS, | : | Civil No. 1:25-CV-01601 |
| Plaintiff, | : | |
| v. | : | |
| PENNSYLVANIA D.O.C., *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is Plaintiff Patrick Nicholas' pending application to proceed in this action *in forma pauperis*. (Doc. 6.) Plaintiff has filed multiple cases in multiple federal courts that have been dismissed for failure to state a claim upon which relief may be granted. Therefore, under the Prison Litigation Reform Act ("PLRA"), Plaintiff's applications to proceed *in forma pauperis* will be denied. He will be granted thirty days in which to file the requisite filing fee. Should he fail to file the requisite filing fee, his complaint will be dismissed pursuant to 28 U.S.C. § 1914 and Local Rule 4.3.

### PROCEDURAL HISTORY

Plaintiff initiated this action by lodging a complaint with Eastern District of Pennsylvania in August of 2025. (Doc. 2.) On August 26, 2025, the Eastern District of Pennsylvania transferred the action to this court. (Doc. 4.) Plaintiff then filed a motion to proceed *in forma pauperis* and a certified prisoner trust fund

1

statement. (Docs. 6, 13.) The court will now address the pending application to proceed *in forma pauperis*.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. This case was transferred to this district after the Eastern District of Pennsylvania determined that the acts or omissions giving rise to the claims occurred in this district. (Doc. 4.)

## DISCUSSION

Pursuant to 28 U.S.C. §1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by *Coleman v. Tollefson*, 575 U.S. 532 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en

banc).  Thus, when denying or revoking a prisoner's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the prisoner accrued prior to initiating the action immediately before the court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998).  If determined to have three qualifying strikes to their name, then the court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" requirement, a court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312.  Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

First, the court finds that Plaintiff has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Nicholas v. Philadelphia County Prison*, No. 2:16-CV-00641-LS, Docs. 18, 19 (E.D. Pa. Mar. 1, 2017) (dismissed with prejudice for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Nicholas v. Bumgarner*, No. 1:23-CV-00014-BAH, Docs. 36, 37 (D. Md. Nov. 26, 2024)

(dismissed with prejudice for failing to state a claim for excessive force); *Nicholas v. Giola*, No. 1:24-CV-01769-JPW-EW, Docs. 29, 30 (M.D. Pa. Jun. 10, 2025) (dismissed with prejudice for failing to state a claim on which relief may be granted). Therefore, Plaintiff has accumulated three strikes under 28 U.S.C. 1915(g).

On December 2, 2025, the court entered an order to show cause as to why the dismissal of these three prior actions should not be considered strikes against Plaintiff under the PLRA or how he was under imminent danger of serious physical injury at the time the complaint was filed. (Doc. 14.) On December 16, 2025, the court received and docketed a single-page document by Plaintiff that summarized the alleged facts in each of the historical cases and alleged that he did not accumulate three strikes under 28 U.S.C. § 1915(g). (Doc. 15.) Specifically, he alleges that he did not file the case in the Eastern District of Pennsylvania. (*Id*.) However, the inmate number in the case file in CM/ECF is the same as in the above-captioned action. This is insufficient to refute the three strikes entered against Plaintiff or establish imminent danger.

4

## CONCLUSION

For the above-stated reasons, Plaintiff's application to proceed *in forma pauperis* will be denied. Plaintiff will be granted thirty days to pay the requisite filing fee. A failure to timely pay the filing fee will result in the complaint being dismissed pursuant to 28 U.S.C. § 1914 and Local Rule 4.3.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 29, 2025